### GEORGE DAERSON *v.* QUINCY SHUMATE.

**Sufficiency of Answer.**

An answer that at the time of a sale of real estate the vendor had no title is not sufficient to put him upon an exhibition of his title; but one pleading such a defense must aver that such vendor had no title, legal or equitable, at the time of the conveyance, for he may have secured title after the sale and before the time of conveyance.

APPEAL FROM GARRARD COURT OF COMMON PLEAS.

February 14, 1880.

OPINION BY JUDGE COFER:

The answer is not sufficient to put the appellee upon an exhibition of Denny's title. The allegation is that "Denny had no title to said land at the time of the sale to the defendant as aforesaid." This may, and, as against the pleader, must be held to mean no more than that Denny had no title at the time of the execution of the notes, which does not exclude the idea that he had title when he made the deed.

It is impossible, of course, to point out the facts which show that a party has no title at all. But a party setting up a defense of that kind in a case like this should be required to state it in such manner

that there is no room to doubt that he means to say that he did not acquire any title, either legal or equitable, by the conveyance he has accepted. This he does not do by alleging that the vendor had no title at the time of the sale, and especially when it appears in the record that the contract was made some months before the conveyance.

But the answer set up a state of facts which showed that there was a mistake in reducing the contract to writing. If, as averred, it was a part of the contract that if the appellant should be unable to pay the last note at maturity he should be indulged twelve months longer on that note, the appellee had no right to a judgment to sell the land or in personam for that note.

It is needless to inquire now whether the probabilities are or are not against the truth of that averment. The demurrer admits that such was the agreement, and that it was omitted from the writing by mistake. For the error in sustaining the demurrer the judgment is *reversed* and the cause remanded with directions to overrule it, and for further proper proceedings.

*W. O. Bradley, for appellant.*
*Anderson & Herndon, for appellee.*